■ In the Matter of County of Delaware, Respondent, v Howard A. Zucker, as Commissioner of Health, et al., Appellants. [23 NYS3d 595]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Lambert, J.), entered October 3, 2014 in Delaware County, which, among other things, partially granted petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, among other things, annul a determination of respondent Department of Health denying petitioner's claims for certain Medicaid reimbursements.

The issues in this Medicaid reimbursement case are largely controlled by a series of recent decisions of this Court, which were decided after Supreme Court's decision. Although Supreme Court incorrectly declared that the 2012 amendment to the Medicaid Cap Statute (*see* L 2012, ch 56, § 1, part D, § 61) was unconstitutional (*see Matter of County of St. Lawrence v Shah*, 124 AD3d 88, 92 [2014], *lv granted* 25 NY3d 903 [2015]; *see also Matter of County of Chemung v Shah*, 124 AD3d 963, 964 [2015], *lv granted* 25 NY3d 903 [2015]), it properly concluded that petitioner was entitled to reimbursement for pre-2006 overburden expenses since such claims were submitted within the six-month grace period (*see Matter of County of Broome v Shah*, 130 AD3d 1347, 1347 [2015]; *Matter of County of Chemung v Shah*, 124 AD3d at 964). "[R]espondents' challenge to petitioner's capacity to bring this claim was waived by respondents' failure to raise capacity as a defense in their answer or a pre-answer motion to dismiss" (*Matter of County of Chemung v Shah*, 124 AD3d at 964; *see Matter of County of Broome v Shah*, 130 AD3d at 1347-1348). Finally, we agree with respondents that Supreme Court erred in directing them to pay interest on the reimbursement payments (*see Signature Health Ctr., LLC v State of New York*, 92 AD3d 11, 17 [2011], *lv denied* 19 NY3d 811 [2012]; *Concourse Nursing Home v State of New York*, 1 AD3d 675, 677 [2003], *lv denied* 2 NY3d 704 [2004]).

Peters, P.J., Garry, Rose and Clark, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as (1) declared L 2012, ch 56, § 1, part D,

§ 61 to be unconstitutional, and (2) awarded interest, and, as so modified, affirmed.